IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Donald W. Werts, | ) | C/A NO. 3:05-2597-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| County of Richland, a political subdivision | ) | |
| of the State of South Carolina, | ) | |
| Alvin S. Glenn Detention Center, and | ) | |
| Prison Health Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint alleging a deprivation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff alleges Defendants were acting under color of state law at all times relevant to this complaint, thereby raising an allegation of a violation of 42 U.S.C. § 1983.

The Complaint was originally filed in the Richland County Court of Common Pleas on August 5, 2005. The case was thereafter removed to this court on September 7, 2005 by Defendants Alvin S. Glenn Detention Center and County of Richland, with the consent of Defendant Prison Health Services, Inc.

On May 11, 2006, Defendants moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff has not responded to these motions, and the time for doing so has expired. *See* Local Civil Rule 7.06 DSC. Having reviewed Defendants' motions and the record of this matter, the court **grants** Defendants' motions.

**FACTS**

Taken in the light most favorable to Plaintiff, the facts are as follows: Plaintiff was involved in an automobile accident on August 15, 2003. He was issued several citations and was transported to Palmetto Richland Hospital, where he was evaluated and treated by medical personnel and then released to the custody of a Trooper of the South Carolina Highway Patrol. Plaintiff was then transported to the Alvin S. Glenn Detention Center (ASGDC). Plaintiff was booked into the ASGDC on August 16, 2003 on various state criminal charges. During the booking process, Plaintiff wore a cervical collar, and informed Prison Health Services, Inc. (PHS) personnel that he was suffering from pain in his lower back, legs, and neck. Plaintiff was cleared by medical personnel and, after receiving an inmate classification, placed into the general population.

Plaintiff remained a pretrial detainee at the ASGDC until October 3, 2003, when he was released.[1] During the time he was a pretrial detainee, Plaintiff alleges he was in immediate need of medical attention, that he made requests for medical attention which were ignored, that he was denied medications for "mental health conditions" which had been prescribed to him, and suffered "severe pain and discomfort" which was "aggregated" [sic] by Defendants' actions. Cmp. at 5, filed as Attachment to Ntc. of Removal (Dkt. #1, filed Sept. 7, 2005).

**STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

---

[1]There is no information in this case relating to the status of the charges when Plaintiff was "released" from the ASGDC.

P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The nonmoving party, here the Plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also generally Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## DISCUSSION

For the reasons stated by Defendants, with which this court agrees, the court determines summary judgment is appropriate in this matter. Plaintiff has failed to refute Defendants' evidence submitted in support of the motions, and cannot rest his claims on the allegations contained in his Complaint once a summary judgment motion has been presented to this court.

Therefore, Defendants' motions for summary judgment are hereby **granted** and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 15, 2006

C:\temp\notesFFF692\05-2597 Werts v. Richland County e grant sumjgm.wpd